UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:25-cv-09576-SVW-MAA | Date: December 9, 2025 |
| Title: Lonnie Johnson Harrison II v. The People of the United States, et al. | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order to Show Cause re: Apparent Defects in Petition

On September 29, 2025, Petitioner Lonnie Johnson Harrison II, acting *pro se*, executed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.) The Petition appears to suffer from certain procedural defects that must be addressed by Petitioner so that the Court may determine whether he will be permitted to proceed with this action. These potential defects are listed below.

The Court **ORDERS** Petitioner to respond to the following issues by no later than **January 9, 2026** ("Deadline").

### The Petition Is Frivolous

Petitioner has submitted a form Petition for Writ of Habeas Corpus. While Petitioner has "completed" the form in the sense that he has written words in sections designated for the grounds on which his claims are based, and for the facts supporting those grounds, none of the words used relate in any way to a claim for habeas relief. Ground 1 is premised on an action allegedly taken by President Franklin Roosevelt in 1933. (Pet. 3.[1]) Petitioner cites maritime law and the Uniform Commercial Code. (*Id.*) He accuses unnamed attorneys of fraud and identity theft for filing bonds without his consent. (*Id.* at 4.) Somehow, the General Services Administration is involved. (*Id.*)

It is unclear what legal claims Petitioner brings and what relief Petitioner seeks. Accordingly, based on the information presently before the Court, it appears that the Petition may be subject to summary dismissal as frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.

---

[1] Pinpoint citations to docketed documents reference the page numbers generated by CM/ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-09576-SVW-MAA                                                      Date:  December 9, 2025

Title:      Lonnie Johnson Harrison II v. The People of the United States, et al.

1990) (summary dismissal is appropriate where allegations in petition are vague or conclusory, palpably incredible, or patently frivolous or false); *see also, e.g.*, *Turner v. Sullivan*, No. CV 17-5903-PA (JPR), 2017 U.S. Dist. LEXIS 140178 (C.D. Cal. Aug. 29, 2017) (summarily dismissing action as frivolous where "conclusory and nonsensical" claims could not be adjudicated); *Dugger v. Stainer*, No. SACV 16-1385-GW (JPR), 2016 U.S. Dist. LEXIS 161361 (C.D. Cal. Nov. 21, 2016) (summarily dismissing action as frivolous where allegations "raise[d] some sort of broad-based, philosophical and societal concern as to which this Court is powerless to act even were it so inclined").

      However, before the Court makes a recommendation to the District Judge regarding this issue, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause in writing by no later than the Deadline why this Court should not recommend dismissal of this action as frivolous.  Petitioner may satisfy this Order to Show Cause by filing either (1) an amended petition clearly setting forth Petitioner's claims for habeas relief, or (2) a written response detailing why the Petition as it stands states cognizable, nonfrivolous claims for habeas relief.  Regardless of which option Petitioner chooses, he must also address the following problems.

### The Petition Does Not Name the Correct Respondent

      The proper respondent in a state habeas action is the "state officer having custody" of the petitioner.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted).  "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition.  *See id.*

      Petitioner named the "People of the United States," the "Department of Justice," the "United States District Court," and the "United States Treasury" as the respondents to his Petition.  (Pet. 1.)  None of these is the proper respondent to this action.  Petitioner is **ORDERED** to include in his response to this Order the name of the proper respondent—the warden of Ironwood State Prison, the institution in which Petitioner is incarcerated (*see id.*).  Failure to do so may result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.

### The Petition May Be Barred  by the Statute of Limitations

      The Petition indicates that Petitioner was sentenced in March 1994, but provides no other details regarding his conviction.  District courts may consider *sua sponte* whether a state habeas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-09576-SVW-MAA                                                                 Date:  December 9, 2025

Title:       Lonnie Johnson Harrison II v. The People of the United States, et al.

petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).  Setting aside the merits of Petitioner's claim for relief, it appears that the Petition potentially may be untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court.  *See* 28 U.S.C. § 2244(d) ("Section 2244(d)").  For convictions that became final prior to AEDPA's enactment, the one-year limitations period began to run on AEDPA's effective date, April 24, 1996.  *Wood v. Milyard*, 566 U.S. 463, 468 (2012).  It is impossible to tell from the Petition when Petitioner's conviction became final, but the Court takes judicial notice of the fact that a previous habeas petition was filed by Petitioner in this Court on March 17, 2003, which was dismissed as untimely on June 5, 2003.[2]  *Harrison v. Runnels*, 2:03-cv-01861-GLT-CW (C.D. Cal.), ECF Nos. 1, 16.  If the Petition is intended to be a challenge to Petitioner's 1994 conviction—which, again, is impossible to tell from the Petition itself—then it will almost certainly be untimely.  Therefore, Petitioner is **ORDERED** to include in his response to this Order sufficient information regarding his conviction and all subsequent appeals, habeas proceedings, and resentencing proceedings that might impact the running of AEDPA's statute of limitations for the Court to make a determination regarding whether the amended petition is timely.  Failure to do so may result in the Court's recommendation that the action be dismissed as untimely.

### The Petition May Be Barred as a Second or Successive Petition

As noted, Petitioner filed a previous habeas petition in this Court in 2003.  *Harrison v. Runnels*, 2:03-cv-01861-GLT-CW (C.D. Cal.), ECF No. 1.  It thus appears that the Petition potentially may be an unauthorized second or successive petition challenging this conviction.  If so, then the Petition may be subject to summary dismissal for lack of jurisdiction.

---

[2] *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-cv-09576-SVW-MAA      Date: December 9, 2025

Title: Lonnie Johnson Harrison II v. The People of the United States, et al.

Another provision of AEDPA limits habeas petitioners from asserting certain claims in a second or successive petition without leave from a United States Court of Appeals. 28 U.S.C. § 2244(b) As articulated by the United States Supreme Court:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529–530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656–657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152–53 (2007). District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions. *Id.* at 153; *see also* 28 U.S.C. § 2244(b)(2); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016).

Here, the Court notes that the Petition potentially may be an unauthorized second or successive petition. Petitioner's prior petition for a writ of habeas corpus was dismissed for untimeliness. *See Harrison v. Runnels*, 2:03-cv-01861-GLT-CW (C.D. Cal.), ECF No. 16. A dismissal for untimeliness operates as a disposition on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Accordingly, a subsequent petition challenging the same conviction constitutes a "second or successive" habeas petition relative to the prior petition.

The Court is unable to determine whether the Petition is second or successive because the Petition is, as noted above, so nonsensical that it is impossible to tell what is being challenged. At this time, the Court simply cautions Petitioner that, if he chooses to file an amended petition, he should be prepared to address the question of whether the amended petition is a second or successive petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-09576-SVW-MAA                              Date:  December 9, 2025

Title:      Lonnie Johnson Harrison II v. The People of the United States, et al.

* * *

     Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

     **Petitioner is cautioned that failure to respond to this Order by the Deadline may result in a recommendation that the Petition be dismissed as frivolous, for lack of personal jurisdiction, as untimely, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

     This Order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

     It is so ordered.

<u>Attachment</u>

Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))